## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM R. WHITE**,

**Plaintiff,**

**v.**

**PATRICK R. DONAHOE,**

**Defendant.**                                        **No. 12-1235-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On December 5, 2012, William R. White, pro se, filed an employment discrimination complaint against Patrick R. Donahoe, the Postmaster General. His complaint contains allegations of sex discrimination, race discrimination, age discrimination, disability discrimination, national origin discrimination and retaliation (Doc. 1). Now before the Court are his motions to appointment of counsel (Doc. 2); proceed without prepaying fees or costs (Doc. 3); and for service of process at Government expense (Doc. 4). Based on the following, the Court grants the motion to proceed without prepaying fees or costs and the motion for service of process and denies without prejudice the motion for appointment of counsel.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed

§ 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

White's motion survives § 1915(e)(2) review. He signed a declaration contained in his motion to proceed *in forma pauperis* documenting his poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.[1] However, if White becomes employed he must pay the filing fee or in the event that White recovers anything in this lawsuit he must pay the filing fee, whichever occurs first.

As to his motion for appointment of counsel, the Court finds that he has not demonstrated under Seventh Circuit standards that he is entitled to appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64

---

[1]While the complaint does not contain the details of the discrimination, White attached to his complaint the EEOC Final Agency Decision which sets forth White's claims (Doc. 1-1).

F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321- 22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings, the Court is unable to determine whether White has made a reasonable attempt to obtain counsel. White does name three attorneys he contacted. However, he merely states that he has been unable to find an attorney because "No funds for retainer most attorneys want $10,000 retainer because it's a federal case and paperwork & representation is costly." The Court notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **GRANTS** White's motion to proceed without prepaying fees or costs (Doc. 3) and motion for service of process at government expense (Doc.

4).  The Court **DENIES without prejudice** the motion for appointment of counsel

(Doc. 2).  If a summons is to be issued, White shall prepare the summons form and

a USM-285 form for the named Defendant and forward these documents to the Clerk

of the Court for issuance.  Once a summons, if any, is issued, the Court **DIRECTS** the

United States Marshal to obtain service on same.  Costs of service shall be borne by

the United States of America.

      **IT IS SO ORDERED.**

      Signed this 17th day of December, 2012.

Digitally signed by
David R. Herndon
Date: 2012.12.17
12:19:18 -06'00'

**Chief Judge**
**United States District Court**